UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-51888 |
| | ) | (Jointly Administered) |
| TRAXIUM, LLC, *et al.* | ) | |
| | ) | CHAPTER 11 |
| | ) | |
| Debtors | ) | HON. ALAN M. KOSCHIK |
| | ) | BANKRUPTCY JUDGE |

**SECOND AMENDED JOINT AND CONSOLIDATED PLAN OF REORGANIZATION**

## ARTICLE I.  SUMMARY

This is the second amended plan of reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposed by Traxium LLC, Serendipity Holdings, LLC and Cadence Holdings, LLC the debtors and debtors-in-possession ("Debtors") in jointly administered case number 20-51888.  Debtors are the jointly administered proponents of the Plan within the meaning of Section 1129 of the Bankruptcy Code.  This Plan provides for one (1) class of Priority Tax Claims, two (2) classes of Secured Claims, one (1) class of Unsecured Claims, and one (1) class of equity security holders.

**The proposed distributions under the Plan are discussed in Article III and Article IV of the Plan. General unsecured creditors are classified in Class 3.  The Debtors project that holders of allowed general unsecured claims in Class 3 will be paid 100% of their allowed claims according to the preliminary claims analysis attached to the Disclosure Statement as Exhibit C.  The distributions will be paid on an annual basis through the creation of a Creditor Fund in the amount of $3,300,000.00 funded from future income and cash flow generated from operations.**

**In addition to the $3,300,000.00 Creditor Fund, the Reorganized Debtors will also contribute fifty percent (50%) of any net proceeds recovered in litigation as outlined in Article IV of this Plan and Article II, Section A and Article III, Section D of the Disclosure Statement.  Any proceeds recovered from litigation will only expedited payment of the 100% distribution to holders of allowed Class 3 general unsecured claims.**

Holders of Allowed Administrative Expense Claims will be paid in full pursuant to the terms of this Plan or upon such other terms as may be agreed upon by the holders of such claims and the Debtors.  Holders of Priority Tax Claims will be paid in full over annual installments at a statutory interest rate.

All Creditors and equity security holders should refer to Article III below of this Plan for information regarding the precise treatment of their Claims and how this Plan will operate.  A Disclosure Statement that provides more detailed information regarding this Plan and the rights of Creditors and equity security holders has been circulated with this Plan.  Certain capitalized terms used herein are defined in this Plan, the Disclosure Statement and the Bankruptcy Code.  **Your**

1

**rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II. CLASSIFIED CLAIMS AND INTERESTS

2.1 <u>Class 1</u>. **Secured Claims of TCF National Bank and Wells Fargo.** The Debtors' estimate of the aggregate amount of Class 1 Secured Claims is set forth in <u>Exhibit C to the Disclosure Statement</u>.

2.2 <u>Class 2</u>. **Secured Claims of Fifth Third Bank**. The Debtors' estimate of the aggregate amount of Class 2 Secured Claims is set forth in <u>Exhibit C to the Disclosure Statement</u>.

2.3 <u>Class 3</u>. **General Unsecured Claims**. The Debtors' estimate of the aggregate amount of Class 3 General Unsecured Claims is set forth in <u>Exhibit C to the Disclosure Statement</u>.

2.5 <u>Class 4</u>. **Interests.** All equity security interests in the Debtors.

## ARTICLE III. TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND TAX CLAIMS

3.1 <u>UNCLASSIFIED CLAIMS</u>. UNDER SECTION §1123(A)(1), CLAIMS ALLOWED BY THE BANKRUPTCY COURT PURSUANT TO §503(B) OF THE CODE ("ADMINISTRATIVE EXPENSE CLAIMS"), AND ALLOWED CLAIMS ENTITLED TO PRIORITY PURSUANT TO §507(A)(8) ("TAX CLAIMS") ARE NOT IN CLASSES UNDER THIS PLAN AND ARE INELIGIBLE TO VOTE ON THIS PLAN.

3.2 <u>ADMINISTRATIVE EXPENSE CLAIMS</u>. EACH HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM, INCLUDING FEES FOR PROFESSIONALS RETAINED IN THE CASE BY THE DEBTORS AS ULTIMATELY ALLOWED BY THE BANKRUPTCY COURT ("PROFESSIONAL FEE CLAIMS"), WILL BE PAID IN CASH UPON THE LATER OF (I) THE EFFECTIVE DATE AND (II) THE DATE ON WHICH SUCH ADMINISTRATIVE EXPENSE IS ALLOWED. THE DEBTORS ESTIMATE THE AMOUNT OF PROFESSIONAL FEE ADMINISTRATIVE EXPENSE CLAIMS TO BE $155,000.00.

3.3 <u>TAX CLAIMS</u>. EACH HOLDER OF A PRIORITY TAX CLAIM PURSUANT TO §507(A)(8) WILL BE AMORTIZED AND PAID IN REGULAR MONTHLY INSTALLMENTS IN CASH: (A) OF A TOTAL VALUE, AS OF THE EFFECTIVE DATE, EQUAL TO THE ALLOWED AMOUNT OF SUCH CLAIM; (B) WHICH TOTAL VALUE SHALL INCLUDE, IF APPLICABLE, SIMPLE INTEREST TO ACCRUE ON ANY OUTSTANDING BALANCE OF SUCH ALLOWED PRIORITY TAX CLAIM STARTING ON THE EFFECTIVE DATE AT THE RATE OF INTEREST DETERMINED UNDER APPLICABLE NON-BANKRUPTCY LAW PURSUANT TO SECTION 511 OF THE BANKRUPTCY CODE; AND (C) OVER A PERIOD ENDING NOT LATER THAN 5 YEARS

AFTER THE PETITION DATE. DEBTORS ESTIMATE THAT THERE EXISTS FOUR PRIORITY TAX CLAIMS TOTALING $269,079.23.

3.4 **UNITED STATES TRUSTEE FEES.** ALL FEES REQUIRED TO BE PAID BY 28 U.S.C. §1930(A)(6) ("U.S. TRUSTEE FEES") WILL ACCRUE AND BE TIMELY PAID UNTIL THE CASE IS CLOSED, DISMISSED, OR CONVERTED TO ANOTHER CHAPTER OF THE CODE. ANY U.S. TRUSTEE FEES DUE AND OWING ON OR BEFORE THE EFFECTIVE DATE OF THIS PLAN WILL BE PAID ON THE EFFECTIVE DATE.

## ARTICLE IV. TREATMENT OF CLAIMS AND INTERESTS CLASSIFIED UNDER THE PLAN

4.1 **CLASSIFIED CLAIMS AND INTERESTS SHALL BE TREATED AS FOLLOWS UNDER THIS PLAN:**

| | | |
|---|---|---|
| Priority Tax Claims | Unimpaired; not entitled to vote on the Plan. | Priority Tax Claims, if allowed, shall be paid in full in addition to interest determined under applicable non-bankruptcy law pursuant to section 511 of the Bankruptcy Code. Distributions will be made in regular monthly installments commencing on the Effective Date over a period ending not later than 5 years after the Petition Date until paid in full. In addition, the Debtors may still object to certain tax claims. |
| Class 1 – Secured Claims | Impaired; Entitled to vote on the Plan | Class 1 is impaired by the Plan. TCF Bank is owed $923,565.00 and Wells Fargo is owed $799,643.75. Unless otherwise agreed by the Claim holder and the Debtors, each holder of an Allowed Class 1 Claim will retain its lien on its collateral and shall receive monthly principal and interest payments sufficient to pay the Class 1 Claim holders in full pursuant to the terms of promissory notes with TCF National Bank and Wells Fargo Bank on all outstanding loans with payments commencing within thirty (30) days of the Confirmation Date. |

| | | |
|---|---|---|
| Class 2 – Secured Claim | Impaired; Entitled to vote on the Plan | Class 2 is impaired by the Plan. Fifth Third Bank is owed $4,227,460.09. Unless otherwise agreed by the Claim holder and the Debtors, each holder of an Allowed Class 2 Claim will retain its lien on its collateral and shall receive monthly principal and interest payments sufficient to pay the Class 2 Claim in full, with interest at the rate of 6.75% per annum, amortized over ten (10) years, with all principal and accrued interest, if any, due and payable on the fifth (5th) year anniversary after the Effective Date pursuant to the terms of amended and restated notes with Fifth Third Bank. |
| Class 3 – General Unsecured Claims | Impaired; Entitled to vote on the Plan | Class 3 is impaired by the Plan. Each holder of an Allowed Class 3 General Unsecured Claim shall receive in full satisfaction of its Allowed Class 3 General Unsecured Claim a Pro Rata portion of the Creditor Fund assets of $3,300,000.00. Payments by the Distribution Agent to Holders of Allowed Class 3 General Unsecured Claims shall be made in annual payments commencing on December 31, 2022 and on an annual basis thereafter for the next ten years with the Reorganized Debtors executing a promissory note to evidence such indebtedness (the "Unsecured Creditor Note"). The obligations to holders of General Unsecured Claims shall be governed by the Unsecured Creditor Note and the Plan. ***Additionally, and in an effort to expedite payment of the 100% distribution, the Debtors shall contribute an additional fifty percent (50%) of any net proceeds recovered from the prosecution of causes of action outlined in Article II, Section A and Article III, Section D, Paragraph 2 of the Disclosure Statement to the Distribution Agent for the sole benefit of Holders of Allowed Class 3 General Unsecured Claims.*** |
| Class 4 – Interests | Unimpaired; Deemed to have accepted this Plan and will not be solicited to vote on this Plan | Class 4 is unimpaired by this Plan. The holder of Interests shall continue their equity ownership under this Plan; provided that such holders of Interest shall not receive any distributions from the Debtors or Reorganized Debtors on account of such Interests until the Unsecured Creditor Note is paid in full. |

## ARTICLE V. ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.1 DISPUTED CLAIM.** A "DISPUTED CLAIM" IS A CLASSIFIED OR UNCLASSIFIED CLAIM THAT HAS NOT BEEN ALLOWED OR DISALLOWED BY A FINAL NON-APPEALABLE ORDER, OR AS TO WHICH EITHER: (I) A PROOF OF CLAIM OR AN APPLICATION HAS BEEN FILED OR DEEMED FILED, AND THE DEBTORS OR ANOTHER PARTY IN INTEREST HAVE FILED AN OBJECTION; OR (II) NO PROOF OF CLAIM HAS BEEN FILED, AND THE DEBTORS HAVE SCHEDULED SUCH CLAIM AS DISPUTED, CONTINGENT, OR UNLIQUIDATED. DEBTORS SHALL SUBMIT OBJECTIONS TO ALL DISPUTED CLAIMS WITHIN NINETY (90) DAYS OF THE EFFECTIVE DATE. NOTWITHSTANDING THE FOREGOING, ALL APPLICATIONS FOR PAYMENT OF ADMINISTRATIVE EXPENSES WILL BE DEEMED TO BE DISPUTED CLAIMS UNTIL SUCH TIME AS THE APPLICATION IS APPROVED BY THE BANKRUPTCY COURT REGARDLESS OF WHETHER OR NOT AN OBJECTION TO SUCH APPLICATION HAS BEEN FILED BY A PARTY IN INTEREST.

**5.2 DELAY OF DISTRIBUTION ON A DISPUTED CLAIM.** NO PRO-RATA PAYMENT ON ANY CLASSIFIED OR UNCLASSIFIED CLAIM DUE PURSUANT TO ARTICLE III. OR ARTICLE IV. ABOVE OF THIS PLAN ("DISTRIBUTION") WILL BE MADE ON ACCOUNT OF A DISPUTED CLAIM UNLESS SUCH CLAIM IS ALLOWED BY A FINAL NON-APPEALABLE ORDER (IN SUCH CASE, BECOMING "ALLOWED" OR AN "ALLOWED CLAIM"). TO THE EXTENT A DISTRIBUTION ON A DISPUTED CLAIM IS DELAYED, THE DISTRIBUTION AGENT SHALL SEGREGATE AN AMOUNT EQUAL TO SUCH HOLDER'S PRO RATA SHARE OF ANY SUCH DISTRIBUTION AND HOLD SUCH AMOUNT PENDING FINAL ALLOWANCE OR DISALLOWANCE OF SUCH CLAIM. IF A DISPUTED CLAIM BECOMES AN ALLOWED CLAIM, AND IF THE DISTRIBUTION AGENT IS HOLDING FUNDS FOR DISTRIBUTION TO SUCH HOLDER, THE DISTRIBUTION AGENT SHALL MAKE SUCH DISTRIBUTION WITHIN TWENTY (20) DAYS OF A DETERMINATION THAT THE DISPUTED CLAIM HAS BEEN ALLOWED. IF SUCH DISPUTED CLAIM IS DISALLOWED, THEN THE DISTRIBUTION AGENT SHALL INCLUDE SUCH HELD FUNDS UNTIL THE NEXT SCHEDULED DISTRIBUTION AND INCLUDE SUCH FUNDS IN THE AMOUNTS TO BE DISTRIBUTED TO OTHER CLAIM HOLDERS AT SUCH TIME.

**5.3 SETTLEMENT OF DISPUTED CLAIMS.** THE DEBTORS SHALL HAVE THE POWER AND AUTHORITY TO SETTLE AND COMPROMISE A DISPUTED CLAIM WITHOUT COURT APPROVAL OR COMPLIANCE WITH RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

## ARTICLE VI. POST CONFIRMATION REPORTING

6.1 Reporting. The Reorganized Debtors shall file Post Confirmation Reports with the Bankruptcy Court on a quarterly basis during the pendency of the Chapter 11 Plan.

6.2 The Creditor's Fund. In accordance with the terms of the Unsecured Creditor Note attached to the Disclosure Statement as Exhibit D, the Reorganized Debtors shall fund the Creditor's Fund on an annual basis commencing December 31, 2022 and on an annual basis

thereafter over the course of the next 10 years. Creditors and parties in interest may verify the placement of deposits with the Distribution Agent at any time.

## ARTICLE VII. PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.1 Upon the Effective Date, Traxium will be conclusively deemed to have assumed its unexpired lease agreements with Canon Financial, Konica Minolta Business, US Bank Equipment Finance, Wells Fargo, landlord Serendipity Holdings, LLC for the property located at 4246 Hudson Drive, Stow, Ohio 44224 and Cadence Holdings, LLC for the property located at 4005 Clark Avenue, Cleveland, Ohio 44109 and its associated obligations under the triple net leases for the payment of property taxes. The Debtors assert that there are no cure amounts associated with the aforementioned unexpired lease agreements. Any non-debtor party to an assumed executory contract or unexpired lease who disputes the cure amount must file an objection with the Bankruptcy Court.

7.2 Upon the Effective Date, all other executory contracts and unexpired leases will be rejected. Consult with your advisor or attorney for more specific information about particular contracts or leases. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming the Plan.

## ARTICLE VIII. MEANS FOR IMPLEMENTATION OF THE PLAN

### 8.1 VESTING OF THE DEBTORS' ASSETS

(A) **VESTING.** ON THE EFFECTIVE DATE, AUTOMATICALLY AND WITHOUT FURTHER ACTION, ALL ASSETS OF THE DEBTORS SHALL VEST AUTOMATICALLY IN THE REORGANIZED DEBTOR.

### 8.2 PLAN FUNDING.

(a) *__Debtors' Operations__*. **To fund payments under this Plan, the Debtors have completed a successful restructuring and right-sizing of its operations. Attached to the Disclosure Statement as Exhibit B is a Plan of Reorganization Analysis that describes the expected operations, expenses, revenues and general financial condition of the Debtors. Based on the estimates of the Debtors and their professionals, the Debtors expect to have adequate capitalization and operations to fund all obligations committed to under this Plan, including the amounts to be paid pursuant to the Unsecured Creditor Note.**

(b) *__New Financing.__* **On or before the final payment due creditors under this Plan, the Debtors may obtain financing at a rate acceptable to Debtors to refinance secured debt, fund operations and/or pay off any balance still owing under the Unsecured Creditor Note.**

6

20-51888-amk    Doc 308    FILED 09/03/21    ENTERED 09/03/21 17:34:39    Page 6 of 14

**8.3** **POST-CONFIRMATION OPERATIONS OF THE DEBTORS**

**(a)** **The Reorganized Debtors' business shall be managed by its existing management of George Schmutz. Existing management shall receive a salary of $120,000.00 in 2021 and shall be entitled to increases in salary as set forth in the projections on an annual basis so long as the Reorganized Debtors remain current in its payment into the Creditor Fund or is not otherwise in default of this Plan or the Unsecured Creditor Note. Existing management shall also be entitled to health insurance, life insurance, the use of a company vehicle and reimbursement expenses consistent with its filed monthly operating reports.**

**(b)** **No equity holder of the Debtors or Reorganized Debtors shall take any distributions from the Reorganized Debtors until all obligations to holders of Allowed Class 3 General Unsecured Claims are paid in full.**

**8.4** **PROCESS FOR DISTRIBUTIONS UNDER THE PLAN.**

**(a)** ***Distribution Agent.*** **Gertz & Rosen, Ltd. shall serve as the Distribution Agent under this Plan and shall be charged with administering this Plan, including, among other things:**

   i) Collection of all Plan funding.

   ii) Payment of Distributions to creditors as required under this Plan and the Unsecured Creditor Note.

   iii) Maintenance of accounting and determination of the Distributions to creditors under this Plan.

   iv) Maintenance of lists of creditors owed sums under this Plan.

   v) On the Effective Date and thereafter, the Distribution Agent shall work with the Reorganized Debtors to determine the timing and amount of distributions to Creditors and shall pay Creditor classes in accordance with the terms of this Plan and the Unsecured Creditor Note.

**(b)** ***Distribution Agent.*** **The Distribution Agent shall submit fee applications to the Court for compensation for reasonable fees and expenses for the services rendered.**

**(c)** ***Distributions to Class 3 Allowed General Unsecured Creditors.*** **The Distribution Agent will make all distributions of Cash from the Creditor Fund assets to holders of Class 3 Allowed General Unsecured Claims required by this Plan and the Unsecured Creditor Note on a pro rata basis.**

**(d)** *Distributions to Class 4 Holders of Allowed Interests.* No distributions will be made to the holders of Class 4 Interests until all Holders of Allowed Class 3 General Unsecured Claims are paid in full pursuant to the Unsecured Creditor Note.

**(e)** *Distributions to Unclassified Creditors.* The Reorganized Debtors will make all distributions of Cash to holders of Allowed Administrative Expense Claims and Allowed Priority Tax Claims required by this Plan.

## ARTICLE IX. GENERAL PROVISIONS

**9.1** <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. In addition, all other defined terms used herein have been defined contextually within the text of this Plan. Terms defined in this Plan, the Disclosure Statement or in Section 101 or 102 are capitalized herein

**9.2** <u>Confirmation Order and Effective Date of Plan</u>. The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order confirming this Plan ("Confirmation Order" and the date of entry of the Confirmation Order is the "Confirmation Date"). But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

**9.3** <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**9.4** <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**9.5** <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**9.6** <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Ohio govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**9.7** **NOTICES.** ANY NOTICE REQUIRED OR PERMITTED TO BE PROVIDED UNDER THIS PLAN IS REQUIRED TO BE IN WRITING AND SERVED BY ONE OF THE FOLLOWING: (A) CERTIFIED MAIL, RETURN RECEIPT REQUESTED, POSTAGE PREPAID; (B) HAND DELIVERY; (C) REPUTABLE OVERNIGHT COURIER SERVICE, FREIGHT PREPAID; OR (D) FAX; ADDRESSED AS FOLLOWS:

| | |
|---|---|
| If to the Debtors: | Traxium, LLC<br>Attn: George Schmutz<br>4246 Hudson Drive<br>Stow, OH 44224 |
| With a copy to: | Peter G. Tsarnas, Esq.<br>Gertz & Rosen, Ltd.<br>11 South Forge Street<br>Akron, OH 44304<br>(330) 255-0735<br>(330) 932-2367 – Fax<br>ptsarnas@gertzrosen.com |

**9.8** **DELIVERY OF NOTICES.** IF PERSONALLY DELIVERED, SUCH COMMUNICATION IS DEEMED DELIVERED UPON ACTUAL RECEIPT; IF FAXED IN ACCORDANCE WITH THIS PLAN, SUCH COMMUNICATION IS DEEMED DELIVERED AT NOON OF THE FIRST BUSINESS DAY FOLLOWING TRANSMISSION; IF SENT BY OVERNIGHT COURIER IN ACCORDANCE WITH THIS PLAN, SUCH COMMUNICATION IS DEEMED DELIVERED AT NOON OF THE FIRST BUSINESS DAY FOLLOWING DEPOSIT WITH SUCH COURIER; AND IF SENT BY U.S. MAIL IN ACCORDANCE WITH THIS PLAN, SUCH COMMUNICATION IS DEEMED DELIVERED AS OF THE DATE OF DELIVERY INDICATED ON THE RECEIPT ISSUED BY THE RELEVANT POSTAL SERVICE; OR, IF THE ADDRESSEE FAILS OR REFUSES TO ACCEPT DELIVERY, AS OF THE DATE OF SUCH FAILURE OR REFUSAL. ANY PARTY TO THIS PLAN MAY CHANGE ITS ADDRESS FOR THE PURPOSES OF THIS PLAN BY GIVING NOTICE OF SUCH CHANGE.

**9.9** **INCONSISTENCY.** IF ANY INCONSISTENCY BETWEEN THIS PLAN AND THE CORRESPONDING DISCLOSURE STATEMENT EXISTS, THE PROVISIONS OF THIS PLAN GOVERN.

**9.10** **MODIFICATION OF THE PLAN.** DEBTORS EXPRESSLY RESERVE THE RIGHT TO ALTER, AMEND, OR MODIFY THIS PLAN BEFORE ITS SUBSTANTIAL CONSUMMATION TO THE FULL EXTENT PERMITTED PURSUANT TO SECTION 1127 OF THE BANKRUPTCY CODE, RULE 3019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, ANY OTHER APPLICABLE LAW OR THIS PLAN.

**9.11** **SUBORDINATION.** THE DISTRIBUTIONS UNDER THIS PLAN TAKE INTO ACCOUNT THE RELATIVE PRIORITY OF EACH CLAIM IN CONNECTION WITH ANY CONTRACTUAL SUBORDINATION PROVISIONS RELATING TO SUCH CLAIM.

**ACCORDINGLY, DISTRIBUTIONS UNDER THIS PLAN ARE NOT AND MAY NOT BE SUBJECT TO LEVY, GARNISHMENT, ATTACHMENT, OR OTHER LEGAL PROCESS BY ANY HOLDER OF A CLAIM OR EQUITY INTEREST PURPORTING TO BE ENTITLED TO THE BENEFITS OF SUCH CONTRACTUAL SUBORDINATION, AND ALL SUCH HOLDERS ARE DEEMED TO HAVE WAIVED ANY AND ALL CONTRACTUAL SUBORDINATION RIGHTS THEY OTHERWISE MAY HAVE HAD.**

**9.12   DE MINIMIS DISTRIBUTIONS. NO DISTRIBUTIONS OF LESS THAN $25 WILL BE MADE TO ANY CREDITOR ON ACCOUNT OF ANY CLAIM. IF A CREDITOR HOLDING AN ALLOWED CLAIM DOES NOT RECEIVE A DISTRIBUTION OWING TO THE PROVISIONS OF THIS SECTION ON THE EFFECTIVE DATE OR ANY SUBSEQUENT DATE, THEN THE ALLOWED CLAIM REMAINS ELIGIBLE FOR DISTRIBUTIONS ON THE FIRST DATE SET FOR DISTRIBUTIONS WHEN SUCH DISTRIBUTION EXCEEDS $25.**

**9.13   FINAL PAYMENT UNDER THE PLAN. AT SUCH TIME AS ALL OBLIGATIONS UNDER THIS PLAN ARE COMPLETED, AND DISTRIBUTIONS HAVE OCCURRED AND ANY REMAINING FUNDS EXIST AND ALL PROPOSED DISTRIBUTIONS ARE LESS THAN THE DEMINIMIS DISTRIBUTION LIMIT, THEN DEBTORS SHALL BE AUTHORIZED TO MAKE PAYMENT OF ANY AND ALL FUNDS REMAINING FOR PAYMENTS TO GENERAL UNSECURED CREDITORS TO A CHARITY OF THE DEBTORS' CHOOSING, SO LONG AS SUCH CHARITY IS LOCATED IN AND/OR BENEFITS THE INHABITANTS OF NORTHEASTERN OHIO.**

**9.14   JURISDICTION. NOTWITHSTANDING THE ENTRY OF THE CONFIRMATION ORDER AND THE OCCURRENCE OF THE EFFECTIVE DATE, THE BANKRUPTCY COURT WILL RETAIN SUCH JURISDICTION OVER THE CASE AFTER THE EFFECTIVE DATE AS FOLLOWS:**

   (a)   to hear and decide (1) objections to Claims; and to disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status or the amount of any Claim, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of Claims;

   (b)   Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Code incurred prior to the Confirmation of this Plan;

   (c)   to hear avoidance actions under §§ 522, 544, 545, 548 and 549;

   (d)   to determine turnover actions under §§ 542 and 543;

   (e)   to issue revocation of a Confirmation Order under § 1144;

   (f)   to order dismissal under § 1112;

(g) to permit modification of this Plan under § 1127(b);

(h) to enforce the permanent injunction under § 524(a); and

(i) to issue a final decree and enter an order closing the Chapter 11 Case; and

(j) any other matter subject to the Bankruptcy Court's jurisdiction pursuant to applicable law.

ARTICLE X. RELEASE, DISCHARGE, INJUNCTION AND EXCULPATION

10.1 **RELEASES.** WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, AS OF THE EFFECTIVE DATE, IN CONSIDERATION FOR THE OBLIGATIONS OF THE DEBTORS AND THE REORGANIZED DEBTORS UNDER THE PLAN AND THE CONSIDERATION AND OTHER CONTRACTS, INSTRUMENTS, RELEASE, AGREEMENTS OR DOCUMENTS TO BE ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN, EACH HOLDER OF A CLAIM WILL BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE ALL LIABILITIES IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE ESTATE, THE PLAN, OR THE DISCLOSURE STATEMENT THAT SUCH ENTITY HAS, HAD OR MAY HAVE AGAINST THE DEBTORS OR IN ANY DERIVATIVE CAPACITY (WHICH RELEASE WILL BE IN ADDITION TO THE DISCHARGE OF CLAIMS AND TERMINATION OF INTERESTS PROVIDED HEREIN AND UNDER THE CONFIRMATION ORDER). FOR AVOIDANCE OF DOUBT, THIS PROVISION DOES NOT OPERATE TO RELEASE THE INDIVIDUAL NON-DERIVATIVE CLAIMS OF INDIVIDUAL CREDITORS AGAINST THE RELEASED PARTIES. TO FURTHER CLARIFY, NOTHING CONTAINED IN THIS PROVISION OR ELSEWHERE IN THE PLAN SHALL OPERATE TO RELEASE ANY CLAIM ANY CREDITOR MAY HAVE AGAINST ANY OF THE RELEASED PARTIES OTHER THAN THOSE CLAIMS ANY CREDITOR HAS WHICH ARE DERIVATIVE IN NATURE AS DESCRIBED ABOVE. ANY PERSONAL GUARANTEE(S) OF ANY OF THE DEBTORS' SHAREHOLDERS, OFFICERS OR DIRECTORS SHALL NOT BE AFFECTED BY THIS PROVISION.

10.2 **DISCHARGE.** EXCEPT AS OTHERWISE IN THE PLAN OR IN THE CONFIRMATION ORDER, THE RIGHTS AFFORDED UNDER THE PLAN AND THE TREATMENT OF CLAIMS AND INTERESTS IN ACCORDANCE WITH THE FILED PROOFS OF CLAIMS UNDER THE PLAN WILL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION, DISCHARGE AND

RELEASE OF ALL CLAIMS AND TERMINATION OF ALL INTERESTS ARISING ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE. EXCEPT AS PROVIDED FOR IN THE PLAN OR IN THE CONFIRMATION ORDER, CONFIRMATION WILL, AS OF THE EFFECTIVE DATE: (I) DISCHARGE THE DEBTORS FROM ALL CLAIMS OR OTHER DEBTS THAT AROSE ON OR BEFORE THE EFFECTIVE DATE, AND ALL DEBTS OF THE KIND SPECIFIED IN SECTION 502(G), 502(H) OR 502(I) OF THE BANKRUPTCY CODE, WHETHER OR NOT (A) A PROOF OF CLAIM BASED ON SUCH DEBT IS FILED OR DEEMED FILED PURSUANT TO SECTION 501 OF THE BANKRUPTCY CODE, (B) A CLAIM BASED ON SUCH DEBT IS ALLOWED PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, OR (C) THE HOLDER OF A CLAIM BASED ON SUCH DEBT HAS ACCEPTED THE PLAN; AND (II) TERMINATE ALL INTERESTS AND OTHER RIGHTS OF HOLDERS OF INTERESTS IN THE DEBTORS. IN ACCORDANCE WITH THE FOREGOING, EXCEPT AS PROVIDED FOR IN THE PLAN, THE CONFIRMATION ORDER WILL BE A JUDICIAL DETERMINATION, AS OF THE EFFECTIVE DATE, OF A DISCHARGE OF ALL CLAIMS AND OTHER DEBTS AND LIABILITIES AGAINST THE DEBTORS AND A TERMINATION OF ALL INTERESTS AND OTHER RIGHTS OF THE HOLDERS OF INTERESTS IN THE DEBTORS, PURSUANT TO SECTIONS 524 AND 1141 OF THE BANKRUPTCY CODE, AND SUCH DISCHARGE WILL VOID ANY JUDGMENT OBTAINED AGAINST THE DEBTORS AT ANY TIME, TO THE EXTENT THAT SUCH JUDGMENT RELATES TO A DISCHARGED CLAIM OR TERMINATED INTEREST.

**10.3 INJUNCTION.** EXCEPT AS PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, AS OF THE CONFIRMATION DATE, ALL ENTITIES THAT HAVE HELD, CURRENTLY HOLD OR MAY HOLD A CLAIM OR OTHER DEBT OR LIABILITY THAT IS UNCLASSIFIED BY THE PLAN OR THAT IS CLASSIFIED BY ARTICLE II OR III OF THE PLAN OR IS SUBJECT TO A DISTRIBUTION UNDER THE PLAN OR AN EQUITY INTEREST OR OTHER RIGHT OF AN EQUITY SECURITY HOLDER THAT IS TERMINATED UNDER THE PLAN, UNLESS SUCH PARTY PREVIOUSLY RECEIVED RELIEF FROM STAY TO LIQUIDATE THE VALUE OF SUCH CLAIM(S), AND ONLY TO THE EXTENT OF SUCH RELIEF FROM STAY, ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS ON ACCOUNT OF ANY SUCH CLAIMS, DEBTS, LIABILITIES, EQUITY RELATED CLAIMS, OR TERMINATED EQUITY INTERESTS OR RIGHTS: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING AGAINST THE REORGANIZED DEBTORS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE REORGANIZED

DEBTORS OR THEIR PROPERTY; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE AGAINST THE REORGANIZED DEBTORS OR THEIR RESPECTIVE PROPERTY; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE REORGANIZED DEBTORS OR THEIR PROPERTY; (E) COMMENCING OR CONTINUING ANY ACTION, IN ANY MANNER, IN ANY PLACE, THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN OR THE BANKRUPTCY CODE. NOTHING IN THIS INJUNCTION SECTION IS INTENDED TO WAIVE ANY OBLIGATIONS OF ANY PARTY UNDER THE PLAN OR THE UNSECURED CREDITOR NOTE.

10.4 EXCULPATION. FROM AND AFTER THE EFFECTIVE DATE, NEITHER THE DEBTORS, OR ANY OF ITS RESPECTIVE OFFICERS, DIRECTORS, PROFESSIONALS, ATTORNEYS, OR ACCOUNTANTS HAVE OR WILL INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR EQUITY INTEREST, OR ANY OTHER PARTY IN INTEREST, OR ANY OF ITS' RESPECTIVE MEMBERS OR FORMER MEMBERS, AGENTS, EMPLOYEES, REPRESENTATIVES, FINANCIAL ADVISORS, ATTORNEYS, OR AFFILIATES, OR ANY OF ITS' PREDECESSORS, SUCCESSORS, OR ASSIGNS, FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THE CASE FROM AND AFTER THE EFFECTIVE DATE, THE NEGOTIATION AND PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, OR THE ADMINISTRATION OF THE PLAN EXCLUDING ACTS AND/OR OMISSIONS OF THE DEBTORS OR ANY OF ITS RESPECTIVE OFFICERS, DIRECTORS, PROFESSIONALS, ATTORNEYS OR ACCOUNTANTS UNDER THE PLAN CONSTITUTING GROSS NEGLIGENCE, BAD FAITH, OR WILLFUL MISCONDUCT, AS FINALLY DETERMINED BY A COURT OF COMPETENT JURISDICTION, AND IN ALL RESPECTS ARE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO ITS' DUTIES AND RESPONSIBILITIES UNDER THE PLAN OR IN THE CONTEXT OF THE CASE. NOTHING IN THIS EXCULPATION SECTION IS INTENDED TO WAIVE ANY OBLIGATIONS OF ANY PARTY UNDER THE PLAN.

10.3

ARTICLE XI. CONFIRMATION REQUEST

11.1 IF ONE OR MORE IMPAIRED CLASSES OF CLAIMS AND INTERESTS FAILS TO ACCEPT THIS PLAN UNDER SECTION 1126 OF THE CODE, AND ALL OF THE APPLICABLE REQUIREMENTS OF SECTION 1129(A) OF THE CODE, OTHER THAN SECTION 1129(A)(8), HAVE BEEN SATISFIED,

**THE DEBTORS REQUEST THAT THE BANKRUPTCY COURT CONFIRM THIS PLAN PURSUANT TO THE PROVISIONS OF SECTION 1129(B) OF THE CODE.**

/s/ Peter G. Tsarnas
Peter G. Tsarnas, #0076934
Gertz & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304
(330) 255-0735
(330) 932-2367 – Fax
ptsarnas@gertzrosen.com

**Traxium LLC, Debtor and Debtor-In-Possession**

By: /s/ George Schmutz
    George Schmutz

**Serendipity Holdings LLC, Debtor and Debtor-In-Possession**

By: /s/ George Schmutz
    George Schmutz

**Cadence Holdings, LLC, Debtor and Debtor-In-Possession**

By: /s/ George Schmutz
    George Schmutz