**This document was signed electronically on April 22, 2022, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: April 22, 2022**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-51888 |
| | ) | (Jointly Administered) |
| TRAXIUM, LLC, *et al.* | ) | |
| | ) | CHAPTER 11 |
| Debtors | ) | |
| | ) | HON. ALAN M. KOSCHIK |
| | ) | BANKRUPTCY JUDGE |

**ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT AND CONSOLIDATED CHAPTER 11 PLAN OF REORGANIZATION**

**WHEREAS**, the above-captioned debtors and debtors-in-possession (the "Debtors"), and as "proponent of the plan" within the meaning of section 1129 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), filed the Debtors' Second Amended Joint and Consolidated Plan of Reorganization, dated September 3, 2021 (Doc. 308) (the "Plan") and the Debtors' Third Amended Disclosure Statement, dated September 27, 2021 (Doc. 328) (the "Disclosure Statement"); and

**WHEREAS**, on October 1, 2021, this Court entered an order, Doc. 336 (the "Disclosure Statement Order") which, among other things: (i) approved the Third Amended Disclosure

Statement (Doc. 328) under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017; (ii) established December 6, 2021 as the date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); (iii) established November 12, 2021 as the deadline for filing objections to the Confirmation of the Plan; (iv) established November 12, 2021 as the deadline for the filing of ballots with the balloting agent; and (v) approved the form and notice of the Confirmation Hearing (the "Confirmation Hearing Notice"); and

**WHEREAS**, the Debtors filed the Second Amended Certification of Acceptances and Rejections of the Debtor's Second Amended Joint and Consolidated Plan of Reorganization on April 16, 2022 (Doc. 533) (the "Certification") certifying the results of the ballot tabulation for the class of claims (Class 1, Class 2 and Class 3) entitled to vote to accept or reject the Plan; and

**WHEREAS**, the Confirmation Hearing was held on April 19, 2022;

**NOW, THEREFORE**, based upon: (i) the Plan, the Disclosure Statement, and the Certification; (ii) all of the evidence admitted at, documents filed in connection with, and statements of counsel made at, the Confirmation Hearing; and (iii) the entire record of the Debtors' chapter 11 cases; and after due deliberation thereon and good cause shown appearing therefore:

I. <u>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>[1]

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

---

[1] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

B.  Judicial Notice.  This Court takes notice of the docket of the Debtors' chapter 11 cases maintained by the Clerk of this Court including, without limitation, all documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the Debtors' chapter 11 cases.

C.  Burden of Proof.  The Debtors have met the burden of proving the elements of section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

D.  Transmittal and Mailing of Materials; Notice.  The Confirmation Hearing Notice, the Disclosure Statement, the Plan, the Disclosure Statement Order, and, for those parties entitled to vote on the Plan, a ballot and return envelope, were transmitted in accordance with the Bankruptcy Rules, the Disclosure Statement Order, and the Solicitation Procedures, and such service is adequate as provided by Bankruptcy Rule 3017(d).

E.  Voting.  Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement Order, and all other applicable provisions of the Bankruptcy Code.

F.  Bankruptcy Rule 3016(a).  The Plan is dated and identifies the entity submitting it as a proponent, thereby satisfying Bankruptcy Rule 3016(a).

G.  Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provision of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

   i.  Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four Classes of Claims and Interests. The Claims and Interests placed in each Class are

substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such classes do not unfairly discriminate between holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

      ii.    <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Article IV of the Plan specifies that Class 4 is unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

      iii.    <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article IV of the Plan designates Class 1, Class 2, and Class 3 as impaired and specifies the treatment of Claims in that class, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

      iv.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

      v.    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for its implementation through the creation of the Creditor's Fund[2] and Unsecured Creditor Note for the benefit of holders of Class 3 General Unsecured Claims, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

      vi.    <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. The Plan provides for no non-voting equity securities.

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Plan.

vii. <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>. Prior to and at the Confirmation Hearing, the Debtors properly and adequately disclosed the identity and affiliations of all individuals propose to serve on or after the Effective Date as officers or directors of the Reorganized Debtor, and the manner in of selection and appointment of such individuals or entities is consistent with the interests of Claim and Interest holders and with public policy, and accordingly satisfies the requirement of section 1123(a)(7) of the Bankruptcy Code.

viii. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

H. <u>Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors have complied with applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code, including sections 1125 and 1126. Specifically, the Debtor: (i) is a proper debtor under section 109 of the Bankruptcy Code; (ii) has complied with applicable provisions of the Bankruptcy Code; and (iii) has complied with the applicable provisions of the Bankruptcy Rules and the Disclosure Statement Order. In addition, there was one unimpaired and three voting Classes under the Plan. Claims in Class 4 are unimpaired and are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Class 1, Class 2 and Class 3 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. The percentages (by dollar amount and number of claims) of holders of Claims in Class 1, Class 2 and Class 3 entitled to vote to accept the Plan are as follows:

| Class Entitled to Vote | Percentage Accepting (Number of Claims) | Percentage Accepting (Dollar Amount) |
|---|---|---|
| Class 1 | 100% | 100% |
| Class 2 | 100% | 100% |
| Class 3 | 100% | 100% |

I.  Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Debtors filed the chapter 11 cases and proposed the Plan with legitimate and honest purposes including, among other things, (a) the reorganization of the Debtors' business, (b) the preservation and maximization of the Debtors' value through the reorganization under chapter 11, (c) the restructuring of the Debtors' balance sheets, and (d) the maximization of the recovery to holders of Claims. Furthermore, the Plan, as proposed and as revised, represents extensive arm's length negotiations among the Debtors and the holders of Class 1, Class 2 and Class 3 Claims and reflects the best interests of the Debtors' estates and creditors.

J.  Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Debtor's chapter 11 case or in connection with the Plan is subject to the approval of this Court, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

K.  Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the directors and officers of the Reorganized Debtor were previously identified in the Disclosure Statement. Existing senior officers of the Debtors will remain in place after the Effective Date. The appointment to, or continuance in, such offices of all such persons is consistent with the interests of holders of Claims against and Interests in the Debtors and with public policy.

L.  No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code, governing regulation of rates, is not applicable in the Debtor's chapter 11 case.

M. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Disclosure Statement, the Amended Certification, and other evidence proffered or adduced at the Confirmation Hearing: (i) are persuasive and credible; (ii) have not been controverted by other evidence; (iii) establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were to be liquidated under chapter 7 of the Bankruptcy Code on such date.

N. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Priority Tax Claims and Class 4 Interests are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 1 Secured Claims, Class 2 Secured Claims and Class 3 General Unsecured Claims have voted to accept the Plan in accordance with the section 1126(c) of the Bankruptcy Code. As set forth in the Certification, the percentage of holders and of Claims in Class 1 entitled to vote in favor of the Plan are as follows:

| Class Entitled to Vote | Percentage Accepting (Number of Claims) | Percentage Accepting (Dollar Amount) |
|---|---|---|
| Class 1 | 100% | 100% |
| Class 2 | 100% | 100% |
| Class 3 | 100% | 100% |

O. <u>Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Claims pursuant to Article III, Section 3.2 of the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Article III, Section 3.3 of the Plan satisfies the requirement of section 1129(a)(9)(C) of the Bankruptcy Code.

P. <u>Acceptance by Impaired Class 11 U.S.C. § 1129(a)(10)</u>. Three non-insider class of Claims against the Debtor that is impaired under the Plan have accepted the Plan (Class 1, Class 2 and Class 3). The requirements of section 1129(a)(10) of the Bankruptcy Code are satisfied.

Q. <u>Feasibility (11 U.S.C. §1129(a)(11))</u>. The appendices and projections to the Disclosure Statement as well as evidence proffered or adduced at the Confirmation Hearing with respect to the feasibility of the Plan (a) are persuasive and credible and (b) establish that confirmation the Plan is not likely to be followed by a liquidation, or the need for further financial reorganization, of the Reorganized Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

R. <u>Payment of Fees (11 U.S.C. § 1129(a)(12)</u>. All fees due and payable under section 1930 of title 29, United States Code prior to the Effective Date shall be paid by the Debtors. On and after the Effective Date, the Reorganized Debtor shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the Office of the United States Trustee. The Debtors and/or Reorganized Debtor shall remain obligated to pay quarterly fees to the Office of the United States Trustee until the earliest of the case being closed, dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code.

S. <u>Continuation of Retiree Benefits / Domestic Support Obligations (11 U.S.C. § 1129(a)(13), (14), (15)</u>. The Debtor does not owe retirement benefits or domestic support obligations. Therefore, sections 1129(a)(13) and (a)(14) of the Bankruptcy Code are not applicable. Section 1129(a)(15) of the Bankruptcy Code is not applicable as the Debtor is not an individual.

T. <u>Modifications to the Plan</u>. The modifications incorporated in the Plan as set forth at the Confirmation Hearing constitute non-material changes and do not materially adversely affect

or change the treatment of any Claims or Interests, and do not modify the Plan so that the Plan, as modified, fails to meet the requirements of section 1122 and 1123 of the Bankruptcy Code. Accordingly, pursuant is to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Class 1, Class 2 or Class 3 Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

U. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

V. <u>No Objection to Assumed Contracts and Leases</u>. No non-debtor party to any executory contract or unexpired lease to be assumed pursuant to Article III, Section F of the Disclosure Statement has objected to the assumption thereof.

W. <u>No Liquidation</u>. Because the Plan does not provide for the liquidation of all or substantially all of the property of the Debtors' Estates and the Reorganized Debtor will engage in business following consummation of the Plan, section 1141(d)(3) of the Bankruptcy Code is not applicable and the Debtor can receive a discharge.

X. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and Article VIII of the Plan.

Y. <u>Retention of Jurisdiction</u>. Subject to the provisions of this Confirmation Order, this Court may properly retain jurisdiction over the matters set forth in Article IX, Section 9.14 of the Plan and/or section 1142 of the Bankruptcy Code.

Z. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before this Court in these Chapter 11 cases, the Debtors and its directors, officers, employees, members,

agents, advisors, and professionals have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections provided by section 1125(e) of the Bankruptcy Code.

AA. <u>Release, Discharge, Injunction and Exculpation.</u> The failure to effect the release, discharge, injunction and exculpation provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan. Accordingly, the release, discharge, injunction and exculpation provisions described in Article X of the Plan are approved.

BB. <u>Assumption and Rejection.</u> Article III, Section F of the Disclosure Statement satisfies the requirements of section 365(b) of the Bankruptcy Code, and satisfaction of this section of the Bankruptcy Code is uncontested.

## II. **CONCLUSIONS OF LAW**

I. <u>Exemption From Securities Law</u>. Pursuant to section 1125(e) of the Bankruptcy Code, the Debtors' transmittal of the Plan solicitation packages and their solicitation of acceptances of the Plan are not governed by, or subject to, any otherwise applicable law, rule, or regulation governing the offer, issuance, sale, or purchase of securities.

II. <u>Exemption from Taxation</u>. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer pursuant to the Plan, including, without limitation, merger agreements; agreements of consolidation, restructuring, disposition, liquidation, or dissolution; deeds; bills of sale; and transfers of tangible property, will not be subject to any stamp tax or other similar tax, and the

appropriate state or local government officials or agents shall be, and hereby are, directed to forgo the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

    III.    <u>Compliance with Section 1129 of the Bankruptcy Code</u>. As set forth in Section I of this Confirmation Order, the Plan and the Debtor comply in all respects with the applicable requirements of section 1129 of the Bankruptcy Code.

    IV.    <u>Satisfaction of Rule 9019 of the Bankruptcy Rules</u>. The settlements, compromises, resolutions, releases, exculpations, and injunction set forth in the Plan satisfy in all respects the applicable requirements of Rule 9019 of the Bankruptcy Rules.

    V.    <u>Executory Contracts and Unexpired Leases</u>. Each pre-or post-Confirmation assumption or rejection of an executory contract or unexpired lease pursuant to Article III, Section F of the Disclosure Statement shall be legal, valid, and binding upon the Debtor and all non-debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an appropriate authorizing order of this Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

    VI.    <u>Retention of Jurisdiction</u>. This Court may properly retain jurisdiction over the matters set forth in Article IX, Section 9.14 of the Plan and section 1142 of the Bankruptcy Code.

## III.    <u>ORDER</u>

    1.    <u>Confirmation</u>. The Plan, and each of its provisions, including but not limited to the Unsecured Creditor Note, shall be, and hereby are, approved and confirmed under section 1129 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall

control. The failure to specifically include any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provisions, it being understood that it is the intent of this Court that the Plan be confirmed and approved in its entirety, as modified pursuant to this Confirmation Order.

2. <u>Plan Classification Controlling</u>. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

3. <u>Binding Effect</u>. The Plan shall be binding upon the Debtor, any entity acquiring or receiving property (or the benefits thereof) or a distribution under the Plan, and any holder of a Claim against or Interest in the Debtors, including all governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

4. <u>Vesting of Assets</u>. Except as otherwise provided in the Plan, on and after the Effective Date, all property of the Estate of the Debtors including all claims, rights, and causes of action and any property acquired by the Debtor or the Reorganized Debtor under or in connection with the Plan, shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, other encumbrances, and Interests, except for obligations under the Plan including, but not limited to, any liens on collateral to be retained by Class 1 and Class 2 creditors. On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property and compromise or settle any claims without supervision of or approval by this Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than

restrictions expressly imposed by the Plan or this Confirmation Order. Without limiting the foregoing, the Reorganized Debtor may pay the charges that it incurs on or after the Effective Date for professionals' fees, disbursements, expenses, or related support services without application to this Court.

5. <u>Transfers of Property</u>. The transfers of property by the Debtor: (i) to the Reorganized Debtor (a) are or will be legal, valid and effective transfers of property, (b) vest or will vest the Reorganized Debtor with good title to such property free and clear of all liens, charges, claims, encumbrances or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and will not constitute avoidable transfers under the Bankruptcy Code or under applicable bankruptcy or non-bankruptcy law, and (d) do not and will not subject the Reorganized Debtor to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor, transferee, or stamp tax or recording tax liability; and (ii) to holders of Claims under the Plan through the Creditor's Fund and Unsecured Creditor Note are for good consideration and value.

6. <u>Assumption of Executory Contracts and Unexpired Leases</u>. On the Effective Date, except to the extent otherwise set forth in the Plan, all executory contracts or unexpired leases of the Debtors will be deemed assumed in accordance with, and subject to, the provisions and requirements of section 365 and 1123 of the Bankruptcy Code. Entry of this Confirmation Order shall constitute approval of such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code. Each executory contract and unexpired lease assumed pursuant to the Plan shall vest in and be fully enforceable by the Reorganized Debtor in accordance with its terms, except as modified by the provisions of the Plan, or any order of this Court authorizing and providing for its assumption, or applicable federal law.

7. <u>Disputed Claims</u>.  If any portion of a Claim is a Disputed Claim, no payment or distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

8. <u>General Authorizations</u>.  Pursuant to the Plan, the Reorganized Debtor is authorized to execute, deliver, file or record such contracts, instruments, releases, and other documents or agreements and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan and any documents, notes or securities issued pursuant to the Plan.  The Debtors and Reorganized Debtor and their respective directors, officers, members, agents and attorneys, are authorized and empowered to issue, execute, deliver, file or record any agreement, document or security, including, without limitation, the documents referenced in the Plan, as modified, amended and supplemented, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, including, but not limited to, any merger, release, amendment, restatement, or replacement of any bylaws, certificates of incorporation or other organization documents of the Debtors, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of this Court, and any or all such documents shall be accepted by state filing offices and recorded in accordance with state law and shall become effective in accordance with their terms in the provisions of state law. The Debtors and the Reorganized Debtor, as appropriate, are authorized and empowered to make any and all modifications to and any and all restructuring documents that may be agreed to by the parties thereto and are consistent with the Plan.

9. <u>Discharge</u>.  Except as otherwise provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims and Interests in accordance with the

filed Proofs of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims and termination of all Interests arising on or before the Effective Date, including any interest accrued on Claims from and after the Petition Date. Except as provided for in the Plan or in the Confirmation Order, confirmation will, as of the Effective Date: (i) discharge the Debtors from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not

> (A) a proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code,
>
> (B) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code, or
>
> (C) the holder of a Claim based on such debt has accepted the Plan; and

(ii) terminate all Interests and other rights of holders of Interests in the Debtors.

In accordance with the foregoing, except as provided for in the Plan, the Confirmation Order will be a judicial determination, as of the Effective Date, of a discharge of all Claims and other debts and liabilities against the Debtors and a termination of all Interests and other rights of the holders of Interests in the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge will void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

10. <u>Corporate Action</u>. On the Effective Date, all matters provided in the Plan involving the corporate structure of the Debtors, and any corporate action required by the Debtors in connection with the Plan, shall be deemed to have occurred in shall be in effect without any requirement of further action by the officers, trustees or management of the Debtors.

11. <u>Plan Documents</u>.  There being no objections or any such objections having been withdrawn to any of the documents contained in the Plan, or any amendments, modifications and supplements thereto, and all documents and agreements introduced therein or contemplated by the Plan (including all exhibits, appendices, and attachments thereto and documents referred to therein), including but not limited to the Unsecured Creditor Note, the execution, delivery and performance thereof is authorized and approved, without need for further corporate action or further order or authorization of this Court. The Debtors are authorized and empowered to make any and all modifications to any and all documents included as a part of the Plan that may be agreed to by the parties thereto and are consistent with the Plan.

12. <u>Securities Laws Exemption</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; (b) the creation of any mortgage, deed of trust, lien, pledge, or other security interest; (c) the making or assignment of any lease or sublease; or (d) the making or delivery of any deed or other instrument or transfer under, or in furtherance of, in connection with the Plan, including, without limitation, bills of sale and transfers of tangible property, will not be subject to any stamp tax or other similar tax.

13. <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental entity with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

14. <u>Final Fee Applications</u>.  Pursuant to Section 3.2 of the Plan and Article III B of the Disclosure Statement, final applications for professional fees must be filed no later than 60 days after the Effective Date.

15. <u>Injunction.</u>  Except as otherwise expressly provided in the Plan, this Confirmation Order, or separate order of this Court, the injunctions set forth in Article X of the Plan are approved.

16. <u>Compromises and Settlements</u>.  All settlements and compromises of claims and causes of action that are embodied in the Plan, that are approved herein as fair, equitable, reasonable and in the best interest of the Debtors, the Reorganized Debtor and its estate, and interest holders, shall be, and hereby are, effective and binding on all persons and entities who may have had standing to assert such claims or causes of action, and no person or entity shall possess such standing to assert such claims or causes of action, and no person or entity shall possess such standing to assert such claims or causes of action after the Effective Date.

17. <u>Nonoccurrence of Effective Date</u>.  Pursuant to pursuant to Article VIII of the Plan, if each of the conditions to the Effective Date are not satisfied or duly waived in accordance with Section 8 of the Plan, then upon motion by the Debtor made before the time that each of such conditions as been satisfied and upon notice to such parties in interest as the court may direct, this Confirmation Order will be vacated; <u>provided</u>, <u>however</u>, that, notwithstanding the filing of any such motion by the Debtor, this Confirmation Order may not be vacated if each of the conditions the Effective Date is satisfied or waived before this Court enters an order granting such motion.  If this Confirmation Order is vacated pursuant to Section 8 of the Plan then: (a) the Plan will be null and void in all respects, including with respect to the releases described in the Plan; and (b) nothing

in contained in the Plan will (i) constitute a waiver or release of any claims by or against any Debtor or (ii) prejudice in any manner the rights of the Debtor or any other party in interest.

18. <u>Notice of Effective Date</u>.  Within five business days of the Effective Date, the Debtor shall serve a notice of the Effective Date, pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors, interest holders of record and the Office of the United States Trustee. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

19. <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Debtor's chapter 11 case and the Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article IX, Section 9.14 of the Plan.

20. <u>References to Plan Provisions</u>.  The failure specifically to include a reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

21. <u>Reversal</u>.  If any or all the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, and such any such act or obligation incurred or undertaken pursuant to, and in reliance on, this

Confirmation Order prior to the Effective Date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

22. <u>Applicable non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan or any amendments or notification modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

23. <u>Effective Date</u>. The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order confirming this Plan ("Confirmation Order" and the date of entry of the Confirmation Order is the "Confirmation Date"). But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

# # #

Submitted by:

/s/ Peter G. Tsarnas
Marc P. Gertz, #0003808
Peter G. Tsarnas, #0076934
Gertz & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304
(330) 255-0735 - Telephone
(330) 932-2367 - Fax
ptsarnas@gertzrosen.com

*Counsel for Debtors and Debtors-in-Possession*