IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| IN RE: | ) | CASE NO. 20-51888 |
| --- | --- | --- |
| | ) | (Jointly Administered) |
| TRAXIUM, LLC, *et al.* | ) | |
| | ) | CHAPTER 11 |
| | ) | |
| Debtors | ) | HON. ALAN M. KOSCHIK |
| | ) | BANKRUPTCY JUDGE |

**MOTION FOR FINAL DECREE**

Now comes Traxium, LLC (the "Reorganized Debtor"), in the above-captioned cases and hereby moves this Court pursuant to sections 105 and 350 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure to enter an order closing the Reorganized Debtor's cases and to enter a final decree. In support of this Motion, the Reorganized Debtor states as follows:

1. The Court has jurisdiction over the Debtors' cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This Court is the proper venue for these cases and this Motion pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. On October 16, 2020 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code along with affiliated debtors Serendipity Holdings, LLC and Cadence Holdings, LLC.

4. The Debtors' cases were jointly administered.

5. On September 3, 2021, the debtors filed their Second Amended Joint and Consolidated Plan of Reorganization (Doc. 308). An Order confirming the Plan was entered on April 22, 2022 (Doc. 541).

6. The Plan became effective on May 13, 2022.

7. On October 11, 2022, the Court entered the orders approving the final fee applications of the Reorganized Debtor's professionals and the Reorganized Debtor has paid all allowed amounts as well as all other allowed administrative claims. The only activity remaining in the Reorganized Debtor's case is distribution to non-priority creditors.

8. The Reorganized Debtor requests that this Court enter a final decree (i) relieving the Reorganized Debtor of its duties as debtor-in-possession under sections 1107 and 1106 of the Bankruptcy Code, (ii) closing the Case, pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

9. "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed R. Bankr. P. 3022.

10. The cases have been fully administered within the meaning of Rule 3022. "Factors that the court should consider in determining whether the estate has been full administered include (1) whether the order confirming plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all

motions, contested matters, and adversary proceedings have been finally resolved." *Spierer v. Federated Department Stores, Inc. (In re Federated Department Stores, Inc.)*, 43 Fed.Appx. 820 (6th Cir. 2002), quoting Fed. R. Bankr. P. 3022 advisory committee's note (1991).

11. Further, pursuant to 28 U.S.C. § 1930(a)(6), the Reorganized Debtor must pay a quarterly fee to the Office of the United States Trustee based on all of their disbursements (whether or not related to the Plan). There are no adversary proceedings or contested matters pending or contemplated. It is, therefore, in the best interest of the Reorganized Debtor's creditors to end the quarterly fee payments.

12. As set forth above, the Reorganized Debtor's case satisfies all six factors. The only actions remaining are payments to non-priority creditors. The advisory committee notes make clear that payments remaining are not justification for keeping a case open.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order in the form attached hereto as Exhibit A, granting the relief requested in this Motion in its entirety by closing the cases and entering a final decree, and granting such other and further relief as this Court deems proper.

Dated: February 6, 2023    Respectfully submitted,

/s/   Peter G. Tsarnas
MARC P. GERTZ, #0003808
PETER G. TSARNAS, #0076934
Gertz & Rosen, Ltd.
11 S. Forge Street
Akron, Ohio 44304
Telephone:  330-255-0735
Facsimile:  3330-932-2367
mpgertz@gertzrosen.com
ptsarnas@gertzrosen.com

*Counsel for the Reorganized Debtor*

CERTIFICATE OF SERVICE

I certify that on February 6, 2023, a true and correct copy of the foregoing was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Kate M. Bradley, Esq. (kate.m.bradley@usdoj.gov)
*Office of the United States Trustee*

Jeremy M. Campana, Esq. (jeremy.campana@thompsonhine.com)
*Counsel for Sterling National Bank*

Lawrence S. Crowther, Esq. (lscrowther@wegmanlaw.com)
*Counsel for Seneca Label, Inc.*

Matthew E. Doney, Esq. (mdoney@kwgd.com)
*Counsel for John Carpenter*

Jeffrey M. Hendricks, Esq. (jhendricks@graydon.law)
*Counsel for Veritiv Operating Company*

Matthew J. Kerschner, Esq. (matthew.kerschner@thompsonhine.com)
*Counsel for Sterling National Bank*

Robert W. McIntyre, Esq. (rmcintyre@dhplaw.com)
*Counsel for CENPRAA LLC*

Scott N. Schaeffer, Esq. (scott@ksrlegal.com)
*Counsel for Fifth Third Bank, National Association*

William J. Stavole, Esq. (william.stovole@tuckerellis.com)
*Counsel for TCF National Bank*

Joshua Vaughan, Esq. (jvaughan@amer-collect.com)
*Counsel for the State of Ohio Department of Taxation*

U.S. Trustee

/s/ Peter G. Tsarnas
Peter G. Tsarnas, #0076934